# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF TEXAS

# HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CRIMINAL NO. H-13-363** |
| | § | |
| **JAMES WAYNE HAM** | § | |

## NOTICE OF INTENT TO SEEK THE DEATH PENALTY

COMES NOW, the United States of America, by and through the United States Attorney for the Southern District of Texas, Kenneth Magidson, and Joe Magliolo and Suzanne Elmilady, Assistant United States Attorneys, and pursuant to Title 18, United States Code, Section 3593(a), and files this Notice of Intent to Seek the Death Penalty, notifying the Court and the Defendant, **JAMES WAYNE HAM (HAM)**, that in the event Defendant is convicted of Count 1, the first degree murder of a federal employee, in violation of Title 18, United States Code, Sections 1114 and 1111, and/or Count 2, discharging a firearm during and in relation to a crime of violence resulting in death, in violation of Title 18, United States Code, Sections 924(c)(1) and 924(j)(1), the Government believes a sentence of death is justified, and the Government will seek a sentence of death.

The Government intends to prove the following statutory aggravating factors

1

pursuant to Title 18, United States Code, Sections 3591(a)(2) and 3592(c) as charged in the Indictment, hereby incorporated by reference, and non-statutory aggravating factors pursuant to Title 18, United States Code, Section 3593(a)(2), as justifying a sentence of death.

A. <u>Statutory Factors Enumerated Pursuant to Title 18, United States Code, Section 3591(a)(2)</u>

The Government will seek to prove the following threshold findings as the basis for imposition of the death penalty in relation to Count 1 of the Indictment:

1. **HAM** intentionally killed the victim, Eddie Marie Youngblood, a federal employee, killed during the course of her duties as a federal employee 18 U.S.C. § 3591(a)(2)(A)); and

2. **HAM** intentionally planned to kill Eddie Marie Youngblood (18 U.S.C. § 3591(a)(2)(A));

B. <u>Statutory Aggravating Factors Enumerated Pursuant to Title 18, United States Code, Section 3592(c)</u>

The Government will seek to prove the following statutory aggravating factors as the basis for imposition of the death penalty in relation to Count 2 of the Indictment:

1. **HAM** committed the offense after substantial planning and

premeditation to cause the death of a person, Eddie Marie Youngblood (18 U.S.C. § 3592 (c)(9)).

2. **HAM** during the commission or attempted commission of, or during the immediate flight from the commission of, the destruction of motor vehicles, the destruction of Government property by explosives, and the destruction of property affecting interstate commerce by explosives, caused the death of Eddie Marie Youngblood (18 U.S.C. § 3592(c)(1); § 33(a); § 844(f); § 844(i)).

3. **HAM** committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim, Eddie Marie Youngblood (18 U.S.C. § 3592(c)(6)).

4. **HAM,** in the commission of the offense, or in escaping apprehension for the violation of the offense created a grave risk of death to 1 or more persons in addition to the victim of the offense, his ex-wife Brandi Ham (18 U.S.C. §(c)(5)).

C. <u>Non-Statutory Aggravating Factors Enumerated Pursuant to Title 18, United States Code, Section 3593(a)</u>

The Government will seek to prove the following non-statutory aggravating factors as the basis for imposition of the death penalty in relation to Counts 1 and/or

2 of the Indictment:

1. **FUTURE DANGEROUSNESS OF THE DEFENDANT**

The nature of the **HAM's** prior criminal conduct illustrates a comprehensive and progressively increasing pattern of violence and danger, with no regard for the property, feelings, or the lives of others.   The defendant deliberately resorts to violence as a way to manipulate and control people in his life.

It is evident from **HAM's** progressively increasing violent criminal history, attempted manipulation of the criminal justice system, unwillingness to comply with judicial orders, and his lack of remorse even for the senseless murder of a fellow human being, that **HAM** exhibits a serious risk of future danger should the death penalty not be sought.

    a.    <u>Continuing Pattern of Violence</u>

**HAM** has engaged in a continuing pattern of violence, attempted violence, and threatened violence, including many other crimes.

        i.    <u>Other Crimes: Sexual Assault, Violence Against Women and Assaults</u>

**HAM** has a long history of violence and has a conviction for assault causing bodily injury to a family member.   He received a deferred adjudication for aggravated assault causing serious bodily injury.   **HAM** also has a pending case involving charges of felony sexual assault and assault on a family member,

4

namely, Angie Ham.    There is also an open investigation involving the sexual assault of Terri Owensbey, the woman **HAM** met in a bar.

      ii.      <u>Other Crimes: Firearms</u>

**HAM** has a long history of using deadly weapons against people and animals.    He threatened to kill his first wife, Brandi Ham, at gun point with a .30-30 rifle.    He raped his second wife, Angie Ham, at gun point, while armed with a .380 pistol.    He shot and killed two (2) dogs belonging to Joshua Bourban. He shot and killed two (2) of Angie Ham's pet goats.    He fired seven (7) rounds from a .380 caliber handgun at Steven Weidner and Daren Weidner.    **HAM** stole three (3) firearms from the residence he burglarized.

Moreover, there are two (2) pending cases against **HAM**: deadly conduct and discharge of a firearm.

      iii.      <u>Other Crimes: Arson</u>

**HAM** has a propensity to set things on fire when he feels he has been wronged, and is connected to three (3) known arsons: (1) setting puppies on fire; (2) setting a national forest on fire; and (3) setting a travel trailer/mobile home on fire.    And, as stated above with respect to the instant case, **HAM** also set ablaze the victim (Eddie Marie Youngblood), the postal vehicle, and U.S. mail.    He also burned his clothes to destroy evidence.

      iv.    Other Crimes

**HAM** has a felony theft conviction.   He also has a deferred adjudication for felony theft, evading arrest in a motor vehicle, and interference with an emergency call.

2. **VICTIM IMPACT EVIDENCE**

Eddie Marie Youngblood's murder has seriously impacted her surviving family members.   Youngblood's surviving family expressed their ongoing sadness and anger over the tragedy, and they further expressed their desire that **HAM** receive the death penalty for having murdered Youngblood.   At least two (2) of Eddie Marie Youngblood's surviving family members, her sons, are also letter carriers employed by the U.S. Postal Service, and they feel that their own security is at risk due to their mother being murdered while delivering the mail. They no longer feel safe on the job.

3. **VULNERABLE VICTIM**

Though not typical of "vulnerability," as used and contemplated under 18 U.S.C. 3592(c)(11), Mrs. Youngblood was momentarily physically incapacitated by **HAM's** initial volley of gunfire and was immediately thereafter begging for her life.   Thus, arguably she was a vulnerable victim, though her momentary infirmity was caused by **HAM**.   Thus, this momentary vulnerability should be considered

6

as a non-statutory aggravating factor.

The Government further gives notice that in support of imposition of the death penalty it intends to rely upon all evidence admitted by the Court at the guilt phase of the trial and the offense of conviction as described in the Indictment as they relate to the background and character of the defendant **HAM**, his moral culpability, and the nature and circumstances of the offenses charged in the Indictment.

    Respectfully submitted,

    KENNETH MAGIDSON
    United States Attorney

    By: /s/_____
    Joe Magliolo
    Assistant United States Attorney

    By: /s/_____
    Suzanne Elmilady
    Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been furnished to Katherine Scardino and Robert Morrow, Attorneys for Defendant James Ham, via electronic transmission on October 3, 2014.

/s/_____
Joe Magliolo
Assistant United States Attorney

/s/_____
Suzanne Elmilady
Assistant United States Attorney