UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-13-363 |
| | § | |
| JAMES WAYNE HAM | § | |

## AMENDED NOTICE OF INTENT TO SEEK THE DEATH PENALTY

COMES NOW, the United States of America, by and through undersigned counsel and, pursuant 18 U.S.C. § 3593(a), notifies the Court and Defendant James Wayne Ham that, in the event the Defendant is convicted of Count One, first degree murder of a federal employee (18 U.S.C. §§ 1114 and 1111), and/or Count Two, discharging a firearm during and in relation to a crime of violence resulting in death (18 U.S.C. §§ 924(c)(1) & (j)(1)), the Government believes a sentence of death is justified, and the Government will seek sentences of death for those offenses.

If JAMES WAYNE HAM is convicted of either Count One or Two, or both, the government will seek to prove the following factors as the basis for imposition of the death penalty:

A.  **Statutory Factors Enumerated Pursuant to 18 U.S.C. § 3591(a)(2)**

The Defendant, James Wayne Ham:

i. was more than 18 years of age at the time of the offenses [18 U.S.C. § 3591(a)(2)];

ii. Intentionally killed Eddie Youngblood [18 U.S.C. § 3591(a)(2)(A)];

iii. Intentionally inflicted serious bodily injury which resulted in the death of Eddie Youngblood [18 U.S.C. § 3591(a)(2)(B)];

iv. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and Eddie Youngblood died as a direct result of the act [18 U.S.C. § 3591(a)(2)(C)]; and

v. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than a participant of the offense, such that participation in the act constituted a reckless disregard for human life and Eddie Youngblood died as a direct result of the act [18 U.S.C. § 3591(a)(2)(D)].

B.  **Statutory Aggravating Factors Enumerated Pursuant to 18 U.S.C. § 3592(c)**

i. The Defendant committed the offenses after substantial planning and premeditation to cause the death of a person [18 U.S.C. § 3592(c)(9)].

C.  **Non-Statutory Aggravating Factors Enumerated Pursuant to 18 U.S.C. § 3593(a)(2)**

i. **Future Dangerousness of the Defendant**. The Defendant represents a continuing danger to the lives and safety of other persons. He is likely to commit criminal acts of violence in the future that would constitute a continuing and serious threat to the lives and safety of others, as evidenced by, at least, one or more of the following:

a. **Other Acts of Violence**.  The Defendant has participated in other acts of violence, including but not limited to assault causing bodily injury to a family member, assault causing serious bodily injury, sexual assault, and sexual and physical assault on a family member.

   b. **Weapon Possession and Use**.  The Defendant has a history of using deadly weapons against people and animals, including but not limited to a threat to kill at gun point, a rape committed at gun point, the discharge of a firearm at human victims, and the killing of various animals. Additionally, in the instant case, the Defendant stole firearms from a residence he burglarized.

   c. **Arson**: The Defendant has a history of setting fires in response to perceived wrongs, including but not limited to setting animals on fire, setting a national forest on fire, and setting a travel mobile home on fire.  Additionally, in the instant case, the Defendant also set ablaze the victim, Eddie Youngblood, her body, the postal vehicle she had been driving, the U.S. mail it contained, and the clothes he was wearing when he committed this offense.

ii. **Victim Impact Evidence.**  The Defendant caused injury, harm and loss to the victim's family, friends, and co-workers, as demonstrated by the victim's personal characteristics as an individual human being and the impact of her death upon her family, friends and co-workers. 18 U.S.C. § 3593(a); *see Payne v. Tennessee*, 501 U.S. 808, 825-26 (1991).

iii. **Vulnerable Victim.**  Eddie Youngblood was physically incapacitated by the Defendant's initial volley of gunfire and, immediately thereafter, begged for her life.

The Government further gives notice that in support of imposition of the death penalty it intends to rely upon all evidence admitted by the Court at the guilt phase of the trial and the offense of conviction as described in the Indictment as

they relate to the background and character of the Defendant, his moral culpability, lack of remorse, and the nature and circumstances of the offenses charged in the Indictment.

    Respectfully submitted,

    KENNETH MAGIDSON
    United States Attorney

    */s/ Sharad S. Khandelwal*
    SHARAD S. KHANDELWAL
    ANDREW LEUCHTMANN
    Assistant United States Attorneys
    U.S. Attorney's Office, S.D. Texas
    1000 Louisiana, Suite 2300
    Houston, Texas 77002
    Tel: (713) 567-9000

    JAMES D. PETERSON
    Trial Attorney, Capital Case Section
    U.S. Department of Justice
    1331 F Street, N.W., 6th Floor
    Washington, D.C. 20530
    Tel: (202) 353-0796

## CERTIFICATE OF SERVICE

This is to certify that on the 15th day of November 2016, a copy of the foregoing was served on counsel for the Defendant by electronic transmission.

    */s/ Sharad S. Khandelwal*
    SHARAD S. KHANDELWAL
    Assistant United States Attorney