UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| v.  § | **CRIMINAL NO. H-13-CR-363** |
| § | |
| **JAMES WAYNE HAM** § | |

### UNITED STATES' MOTION FOR A SCHEDULING ORDER

The United States of America through Ryan K. Patrick, United States Attorney, and Sharad S. Khandelwal and Jill Stotts, Assistant United States Attorneys, and James Peterson, Trial Attorney, hereby files this Motion to ask the Court to set a scheduling order and trial date in this matter. Despite good faith discussions by counsel for the United States and for the Defendant, the parties have been unable to reach an agreement on either a trial date or on a scheduling order. While the United States is asking the Court to set a trial date in February 2019, approximately six months away, counsel for the Defendant have indicated that they intend to ask the Court for a trial date in October 2020, which is more than two years away. Accordingly, the United States respectfully requests that the Court resolve this conflict and issue an appropriate scheduling order in this case.

1.  This case began on May 17, 2013, when Defendant James Wayne Ham murdered Eddie Youngblood, a United States Postal Service employee, while Ms.

Youngblood was delivering mail on her route in Coldspring, Texas. *See* Docket No. 1 (Criminal Complaint). After he was apprehended two days later and waived his *Miranda* rights, the Defendant admitted that he was having problems with his mail delivery and that he had made the decision to kill his mail carrier and his wife (who was also a postal employee). *See id*. The Defendant explained that he loaded his rifle, grabbed a bottle of lighter fluid and extra rifle shells, and hid in the trees near his house waiting for his mail carrier to drive by. *See id*. After Ms. Youngblood delivered his mail, the Defendant confessed that he shot her four times. *See id*. He further admitted that he drove her car to a location nearby, doused it with lighter fluid, and set it on fire. *See id*. After the interview, the Defendant took law enforcement officers to the where he hid the rifle (from which place officers recovered the murder weapon), along with the location from where he shot Ms. Youngblood (at which place officers found shell casings). *See id*.

2.   On or about June 13, 2013, a federal grand jury indicted the Defendant for murdering a federal employee while in the course of her duties, and he was detained pending trial. *See* Docket No. 6. The case was certified as complex on July 2, 2013. *See* Docket No. 18. On October 6, 2014, the United States filed a notice of its intent to seek the Death Penalty in this case. *See* Docket 36; *see also* Docket Nos. 94 and 102 (government's first and second amended notices of intent to seek

death penalty). The grand jury subsequently returned a superseding indictment on February 25, 2016, charging the Defendant with one count of murder in violation of 18 U.S.C. §§ 1114 and 1111, and one count of carrying, brandishing and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1) and 924(j)(1). *See* Docket No. 69.

    3.    Since this case began in 2013, the Court has granted eleven unopposed motions to continue the trial date. The eleventh motion to continue was granted on July 18, 2017, and instead of setting another trial date, the Court ordered the parties to file a joint status report on March 19, 2018. *See* Docket No. 98.

    4.    On March 19, 2018, the parties filed a joint status report. *See* Docket No. 101. For its part, the United States reported that further plea discussions were no longer viable, and the United States was prepared to set a motions and trial schedule. *See id.* For its part, counsel for the Defendant indicated that it needed additional time. *See id.*

    5.    Approximately three months after that filing, on June 5, 2018, counsel for the Defendant withdrew and the Court appointed new defense counsel. *See* Docket No. 104.

    6.    Starting in June 2018, the United States has consulted several times with new counsel for the Defendant. These discussions have been productive and

the parties have worked together in good faith. For example, despite having previously produced discovery to prior defense counsel, the United States has now produced a duplicate set of discovery to the new defense counsel. This discovery consists of approximately 6704 individually bates labelled items, which consists of approximately 49 gigabytes of data. At least half of that data consists of video files, audio files, and photos.

7. Both parties agree that the Court should set a trial date and issue a scheduling order in this case. Despite our good faith discussions, however, the parties have been unable to reach an agreement on what that scheduling order should be. The United States is asking the Court to set a trial date in February 2019, approximately six months away. Counsel for the Defendant have indicated that they are asking for a trial date in October 2020, which is more than two years away.

8. The United States respectfully requests that the Court enter the United States' proposed trial schedule. The United States believes that six months is more than sufficient time for defense counsel – which includes two very experienced criminal defense attorneys, one of which has extensive experience in capital defense cases – to review the discovery in this case, conduct any investigations that were not already conducted by prior counsel in the five years this case has already been pending, and to prepare for trial. While all murder cases are complex, this one is

relatively straightforward as the Defendant has confessed and even took members of the law enforcement to where he committed the murder and where he hid the murder weapon.

9. Finally, it bears noting that the victim's family in this case has already waited five years for some measure of justice to be delivered in this case. The United States respectfully requests that when setting a trial date and crafting a scheduling order, the Court take into consideration the interests of Ms. Youngblood's family.

10. Counsel for the Defendant has advised that they intend to file a response to this motion with their own proposed schedule.

    Respectfully submitted,

    RYAN K. PATRICK
    United States Attorney

    */s/ Sharad S. Khandelwal*
    SHARAD S. KHANDELWAL
    JILL STOTTS
    Assistant United States Attorneys
    U.S. Attorney's Office, S.D. Texas
    1000 Louisiana, Suite 2300
    Houston, Texas 77002
    Tel: (713) 567-9000

    JAMES PETERSON
    Trial Attorney
    Capital Case Section
    Criminal Division

United States Department of Justice<br>Tel: (202) 353-0796

## **CERTIFICATE OF SERVICE**

This is to certify that on the 4th day of September 2018, a copy of the foregoing was served on counsel for the Defendant by ECF.

<i>/s/ Sharad S. Khandelwal</i><br>
SHARAD S. KHANDELWAL<br>
Assistant United States Attorney