# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| **v.** ) | **CRIMINAL NO. H-13-363** |
| ) | |
| ) | |
| **JAMES WAYNE HAM** ) | |

## MOTION FOR SPECIFIC DISCOVERY

NOW COMES the Defendant, James Wayne Ham, and requests that this Court order that certain materials from the postmortem examination be provided to the defense.

On April 29, 2019, defense counsel Kimberly Stevens emailed government attorney Sharad Khandelwal requesting (1) The full set of radiographs from the postmortem exam exported as DICOM files and (2) Recut glass slides from Harris County Institute of Forensic Sciences ("HCIFS"), including a complete set of H&E-stained recuts from the autopsy (noting that page 7 of the autopsy describes that at least a few such slides were made) (*see* Exhibit 1). On May 16, 2019, Ms. Stevens received an email from Tonesha Borner at HCIFS, which was also forwarded to Ms. Stevens by Mr. Khandelwal that same day (*see* Exhibit 2).

The email from Ms. Borner included correspondence between United States Postal Inspector Matthew Boyden and Ms. Borner. On May 14, 2019, Ms. Borner asked Mr. Boyden if he could verify or confirm who was requesting the tissue slides, and whether it was the United States Postal Inspector or Ms. Stevens. Mr. Boyden's response to this was

1

"For request #1 can it be produced please? *For request #2 this is a defense request and we are not willing to produce any original items.* Please call with any questions" (emphasis added).

The HCIFS response subsequently received by Ms. Stevens on May 16, 2019 stated, regarding the full set of radiographs, that they would place a request with the Histology/Pathology department on behalf of the U.S. Postal Inspector, as it is considered law enforcement, and that the Deputy Chief Medical Examiner will have to approve the release of such items. Ms. Borner goes on to state "*For sample release requests coming from a law office, agency, or individual, our Institute will need to receive written consent from the next of kin or a court order for the request to be initiated or released.* The Capital Resource Counsel agency will have to submit either the written consent or court order to receive any samples that may be available for release" (emphasis added).

Rule 16 of the Federal Rules of Criminal Procedure states that "Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense; [or] (ii) the government intends to use the item in its case-in-chief at trial.[]" Fed.R.Crim.P.16E(i-ii). The rule goes on to state that "Upon a defendant's request, the government must permit a defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if: (i) the item is within the government's possession, custody, or control; (ii) the attorney for the government knows

– or through due diligence could know – that the items exists; and (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial." Fed.R.Crim.P.16F(i-iii).

Records and tests done during an autopsy are always critical in a case involving a homicide; and in this case, the items requested are certainly material to preparing a defense and address evidence that will be relied upon and presented at trial by the government. Despite the following colloquy at the last court appearance in this case -

> MS. STEVENS: You said, if she were dead when she was burned, then we wouldn't find soot in her lungs. I agree with the Court. In the autopsy report, there is no soot indicated in her lungs… Now, if the pathologist took any issue with that…
>
> THE COURT: We will fix that right now.
>
> MR. KHANDELWAL: We are not making that claim, Your Honor.
>
> THE COURT: Well, you're making the claim that she was dead when she was burned?
>
> MR. KHANDELWAL: Yes, Your Honor.
> …
> THE COURT: So the claim is that she was dead when burned?
>
> MR. KHANDELWAL: Yes, Your Honor.
> …
> MS. STEVENS: And I can tell the Court what lead me to some confusion when I mentioned toxicology, carboxyhemoglobin less than 5 percent saturation. I'm not sure what that means. I'm not sure what position a pathologist would take that that indicates, but if they're saying today that she was dead at the time she was burned, and the pathologist doesn't hedge on that in any fashion –
>
> THE COURT: He is not going to hedge. (3/1/19 Hearing Tr. at 6-7).

3

- the government refuses to so stipulate. In response to our request for a stipulation that the victim was deceased before her body was burned in the fire, the government responded: "We do not need to stipulate to this. The ME will testify at trial that the decedent *was likely not alive* at the time the Defendant set the car on fire, and will explain as evidence for that conclusion, for example, the likely head shot, given the lack of a skull and the bullet defect in the head rest, the lack of soot in her lungs, the lack of certain chemicals in the lab work" (3/15/19 Khandelwal letter) (Exhibit 3, at 6) (emphasis added).

The defense has retained a consulting expert pathologist, Dr. Andrew Baker, who requests items 1 and 2 above in order to evaluate this evidence and other material factors pertinent to the defense of this case from the autopsy that was conducted.

## CONCLUSION

The defense requests that the Court issue an Order granting the defendant the right to inspect: (1) The full set of radiographs from the postmortem exam exported as DICOM files and (2) The recut glass slides from Harris County Institute of Forensic Sciences ("HCIFS"), including a complete set of H&E-stained recuts from the autopsy.

In the event that the Court grants this request, the defense requests that these items be sent via Federal Express to Dr. Andrew Baker, 8897 Aztec Drive, Eden Prairie, MN, 55347. After his review of the recut glass slides, Dr. Baker will return the slides to HCIFS by Federal Express, with a tracking number (or via the United States Postal Service, or UPS, as the government prefers).

Respectfully submitted, this the 21st day of May, 2019,

/s/ Kimberly C. Stevens
Kimberly C. Stevens
Capital Resource Counsel
Assistant Federal Public Defender
1070-1 Tunnel Road, STE 10-215
Asheville, NC 28805
(336) 575-4337 – cell
(336) 788-3779 – voicemail
(336) 788-3836 – facsimile
North Carolina State Bar # 20156

/s/ Anthony S. Haughton
Anthony S. Haughton
Capital Resource Counsel
Assistant Federal Public Defender
C/O SD Federal Public Defender
Lyric Centre,
440 Louisiana, Suite 1350
Houston, TX 77004-1669
(832) 287-9548 cell
(713) 718-4610 fax
Texas Bar No. 09234150

COUNSEL FOR JAMES WAYNE HAM

CERTIFICATE OF SERVICE

This is to certify that on the 21st day of May, 2019, a copy of the foregoing was served on counsel for the United States by electronic transmission.

/s/ Kimberly C. Stevens
Kimberly C. Stevens
Capital Resource Counsel
Assistant Federal Public Defender
1070-1 Tunnel Road, STE 10-215
Asheville, NC 28805
(336) 575-4337 – cell
(336) 788-3779 – voicemail
(336) 788-3836 – facsimile
North Carolina State Bar # 20156