UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-13-363 |
| | § | |
| JAMES WAYNE HAM | § | |

**GOVERNMENT'S RESPONSE TO MOTION TO SUPPRESS STATEMENT AND REQUEST FOR A HEARING**

The United States of America, by and through its attorneys, files this response to the defendant's motion to suppress his statement and requests that the Court schedule a hearing for the presentation of evidence relating to the motion and this response. Finally, the government requests, if necessary, an opportunity to supplement this response after the presentation of evidence.

## Summary

The Defendant's motion to suppress statement should be denied. The defendant was fully aware of his *Miranda* rights having been advised of the same both orally and in writing and his decision to abandon these rights was free from intimidation, coercion, or deception by the police. His waiver of his rights is established both by his initialing and signing the *Miranda* warning form after it was read to him and by answering questions asked by the officers.

1

## Request for a hearing

The government requests a hearing on this motion so that it may present evidence that establishes the defendant knowingly and voluntarily relinquished him *Miranda* rights. Following the presentation of evidence, the government requests an opportunity, if necessary, to supplement this response in order to make argument with cites to the record.

## Proffer of facts

For purposes of this response the Government proffers the following facts:

Mrs. Youngblood was murdered on May 17, 2013. The defendant was arrested on the morning of May 19, 2013. Shortly following his arrest, he was brought to the sheriff's department in San Jacinto County and placed in a typical structured and furnished interview room where audio and video recordings were made of the interview. Although detained, the defendant was not placed in restraints while in the interview room. The recordings reveal no signs of mental impairment of the high school educated defendant. He answered questions appropriately, including recitations of his birthdate, social security number, address, and family relationships. His responses were appropriate to the questions and he showed no signs of confusion. The defendant did inform the officers of an injured arm however, the video shows no outward signs that that he was in distress because of his arm injury nor did complain of the arm causing distress.

Two officers interviewed the defendant. The interview lasted approximately four hours. During this time, the defendant was provided drinks and breaks were taken to allow the defendant to smoke and/or use the restroom. During these breaks, leg hobbles

were used. Audio recordings were made during the breaks outside the interview room. At all times the interview and breaks voices were conversational in tone and were not raised.

After initial introductions were made, and prior to interviewing the defendant, one of the officers presented the defendant with a paper on which the *Miranda* warnings were set out. The officer read each right to the defendant. After each right was read, the defendant initialed next to that right. Though low in volume, the video recording shows the defendant give an affirmative verbal response after most, if not all, of the rights were read. When the officer finished reading the rights form, and after defendant placed his initials next to each right, the defendant then signed the form on a line provided for his signature. Following the signing of the rights form, the officer began to question the defendant. The defendant answered the officers questions and at no time did he indicate a desire to stop talking or that he wanted an attorney.

For the first approximate three hours of the interview, the defendant denied any involvement in the murder. During this time, the officers stressed the seriousness of the crime, the strength of the evidence against him, implored the defendant to be honest, and inquired about his relationship with God. Nevertheless, the defendant's denial of any involvement in the murder continued. It was only after the defendant extracted a commitment that he would not be housed in San Jacinto County that he admit to committing the murder. Despite the assertion in defendant's motion, he was never threatened with death or promised life if he cooperated in the interview. Following his oral statements, the defendant wrote out a written statement. The form for this statement

also contained a recitation of the *Miranda* rights. Once again, the defendant initialed next to each right including a statement that he was not making his written statement because of any threats, promises or coercion. Ultimately, the defendant took the officers to where he hid the rifle and showed them where he was standing when he shot the victim.

## Legal Authority

### *Standard for admissibility of in-custody statement*

The government has the burden of proving by a preponderance of the evidence that the defendant voluntarily waived his rights and that the statements he made were voluntary. *United States v. Rojas-Martinez*, 968 F.2d 415, 417 (5th Cir.), *cert. denied*, __U.S.__, 113 S. Ct. 828, 121 L. Ed. 2d 698 (1992), *cert. denied*, __U.S.__, 113 S. Ct. 995, 122 L. Ed. 2d 146 (1993). This "heavy burden" is not more than the burden to establish waiver by a preponderance of the evidence. *Colorado* v. *Connelly*, 479 U.S. 157, 168, 107 S. Ct. 515, 93 L. Ed. 2d 473 (1986). Even with this burden, "cases in which a defendant can make a colorable argument that a self-incriminating statement was compelled" despite the fact that the law enforcement authorities adhered to the dictates of *Miranda* are rare. *Berkemer v. McCarty*, 468 U.S. 420, 433 n.20, 82 L. Ed. 2d 317, 104 S. Ct. 3138 (1984); *see also Dickerson v. United States*, 530 U.S. 428, 444, 147 L. Ed. 2d 405, 120 S. Ct. 2326 (2000). Similarly, "*Miranda* protects defendants against government coercion leading them to surrender rights protected by the Fifth Amendment; it goes no further than that." *Connelly*, 479 U.S. at 170.

In *Lucio v. Davis,* 451 F. App'x, 484, 491-92 (5th Cir. 2018) the court succinctly summarized this standard:

> "A defendant's statement 'during a custodial interrogation is inadmissible at trial unless the prosecution can establish that the accused 'in fact knowingly and voluntarily waived [*Miranda*] rights' when making the statement.' *Berghuis v. Thompkins*, 560 U.S. 370, 382, 130 S. Ct. 2250, 176 L. Ed. 2d 1098 (2010) (alteration in original) (quoting *North Carolina v. Butler*, 441 U.S. 369, 373, 99 S. Ct. 1755, 60 L. Ed. 2d 286 (1979)). The 'waiver must be 'voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception,' and 'made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.' *Id.* at 382-83 (quoting *Moran v. Burbine*, 475 U.S. 412, 421, 106 S. Ct. 1135, 89 L. Ed. 2d 410 (1986)). '[T]he law can presume that an individual who, with a full understanding of his or her rights, acts in a manner inconsistent with their exercise has made a deliberate choice to relinquish the protection those rights afford. *Id.* at 385. 'There is no requirement that a suspect be continually reminded of his *Miranda* rights following a valid waiver.' *Soffar v. Cockrell*, 300 F.3d 588, 593 (5th Cir. 2002)".

In the instant case, the defendant acted exactly as *Soffar* described. After being informed of his *Miranda* rights, the defendant signed the rights form and then began to engage in a conversation with the officers. These actions are inconsistent with someone who desires to exercise his right to remain silent. As such, this court should presume that the defendant made a deliberate choice to relinquish his *Miranda* rights.

### *Totality of the circumstances must be examined*

To determine if a statement is voluntary, the court examines the totality of the circumstances. *United States v. Broussard*, 80 F.3d 1025, 1033 (5th Cir.), *cert. denied*, 519 U.S. 906, 136 L. Ed. 2d 189, 117 S. Ct. 264 (1996). In examining the totality of the

circumstances, the Fifth Circuit has considered a variety of factors, including age, education, criminal history, general familiarity with the criminal justice system, language skills, and the potential influence of any medication, drugs, or alcohol. *See, e.g, United States v. Collins*, 40 F.3d 95, 98 (5th Cir. 1994); *United States v. Garcia Abrego*, 141 F.3d 142, 170 (5th Cir. 1998). This list, however, is not exhaustive. The suspect's demeanor during questioning may be of particular importance, the Fifth Circuit has observed, for a suspect who listens to questions, responds appropriately and logically, and provides information in a logical manner is both likely to understand any warnings given and unlikely to be under the influence of any intoxicants. *See United States v. Reynolds*, 367 F.3d 294, 299 (5th Cir. 2004). Thus, a suspect's responsiveness to an officer's questions may be "sufficient to show a 'course of conduct indicating waiver' of the right to remain silent." *Berghuis*, 560 U.S. at 386 (citing *North Carolina v. Butler*, 441 U.S. 369, 373, 99 S. Ct. 1755, 60 L. Ed. 2d 286 (1979)).

The totality of the circumstances that will establish that the defendant's statement was voluntary. The defendant is high school educated and in his thirties at the time of his statement. His familiarity with the sheriff's department and his criminal history will establish that he is not new to the criminal justice system. His language skills are appropriate, and he appears to be able to navigate the English language with sufficient skills so as not to be disadvantaged in the interview. His answers and responses are appropriate to the questions asked and he is able to stay on topic. At no time does the defendant express a physical or mental discomfort as a result of the interview.

*Coercion*

"Coercive police activity is a necessary predicate to the finding that a confession is not voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment." *Colorado v. Connelly*, 479 U.S. 157, 167, 93 L. Ed. 2d 473, 107 S. Ct. 515 (1986). However, there is nothing inherently wrong with efforts to create a favorable climate for confession. Neither "mere emotionalism and confusion," nor mere "trickery" will alone necessarily invalidate a confession. *Hawkins v. Lynaugh*, 844 F.2d 1132, 1140-41 (5th Cir. 1988). Further, indicating to a suspect that a cooperative attitude would be to his benefit is not coercion. See *Fare v. Michael C.*, 442 U.S. 707, 727, 99 S. Ct. 2560, 2573 (1979).

The apparent "tactic" used by the interviewing officers was to tell the defendant that the evidence against him was strong, that the investigation was thorough and that the only real question to be answered was why the murdered occurred. None of these, even combined with any sympathy expressed by the officers, real or feigned, amounts to coercion. In fact, the interview of the defendant was a routine matter: with the defendant initially denying his involvement and the officers insisting the evidence was strong and it would the defendant's benefit to cooperate. This routine questioning does not rise to the level of coercion.

*No formalistic ritual required to waive rights*

The defendant's motion also complains that the defendant did not make a "proper" waiver of his *Miranda* rights. While the *Miranda* decision imposes a rather formalistic

7

manner to advise a person of his rights, it did *not* impose a formalistic waiver procedure that a suspect must follow to relinquish those rights. *Berghuis v. Thompkins*, 560 U.S. 370, 385, 130 S. Ct. 2250, 2262 (2010):

> "As a general proposition, the law can presume that an individual who, with a full understanding of his or her rights, acts in a manner inconsistent with their exercise has made a deliberate choice to relinquish the protection those rights afford. See, *e.g., Butler*, *supra*, at 372-376, 99 S. Ct. 1755, 60 L. Ed. 2d 286; *Connelly*, *supra*, at 169-170, 107 S. Ct. 515, 93 L. Ed. 2d 473 ("There is obviously no reason to require more in the way of a 'voluntariness' inquiry in the *Miranda* waiver context than in the [due process] confession context"). The Court's cases have recognized that a waiver of *Miranda* rights need only meet the standard of *Johnson* v. *Zerbst*, 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938). See *Butler*, *supra*, at 374-375, 99 S. Ct. 1755, 60 L. Ed. 2d 286; *Miranda*, *supra*, at 475-476, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (applying *Zerbst* standard of intentional relinquishment of a known right). As *Butler* recognized, 441 U.S., at 375-376, 99 S. Ct. 1755, 60 L. Ed. 2d 286, *Miranda* rights can therefore be waived through means less formal than a typical waiver on the record in a courtroom, cf. Fed. Rule Crim. Proc. 11, given the practical constraints and necessities of interrogation and the fact that *Miranda*'s main protection lies in advising defendants of their rights, see *Davis*, 512 U.S., at 460, 114 S. Ct. 2350, 129 L. Ed. 2d 362; *Burbine*, 475 U.S., at 427, 106 S. Ct. 1135, 89 L. Ed. 2d 41"

Thus, there is no "proper" way that a person must use to waive his *Miranda* rights. When the defendant signed the *Miranda* form and began to answer questions, he waived his rights.

## **Conclusion**

After the presentation of evidence, the government will have established - by a preponderance of the evidence based on the totality of the circumstances - that the defendant was fully aware of his *Miranda* rights, waived the same, and gave a voluntary statement free from any coercion. Because it will be shown the defendant's statement was freely and voluntarily given, his motion to suppress should be denied.

                        Respectfully submitted

                        RYAN K. PATRICK
                        UNITED STATES ATTORNEY

By:   s/ *Jill Jenkins Stotts*
        Jill Jenkins Stotts
        Assistant United States Attorney
        Texas Bar No. 24036841
        1000 Louisiana St., Suite 2300
        Houston, TX 77002
        (713) 567-9000

By:   s/ *Erin M. Epley*
        Erin M. Epley
        Assistant United States Attorney
        1000 Louisiana St., Suite 2300
        Houston, TX 77002
        (713) 567-9000

# **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Government's Response in Opposition to Defendant's Motion to Suppress Evidence and Statements was served on the Defendant's attorney of record on this 27th day of March, 2020 via email.

                                       *s/ Jill Jenkins Stotts*
                                       Jill Jenkins Stotts
                                       Assistant United States Attorney