UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-13-363S |
| | § | |
| JAMES WAYNE HAM | § | |

## PLEA AGREEMENT

The United States of America, by and through Jennifer B. Lowery, Acting United States Attorney for the Southern District of Texas, and Jill Stotts and Erin Epley, Assistant United States Attorneys, and U.S. Department of Justice Trial Attorney Barry K. Disney, and Defendant James Wayne Ham ("Defendant"), and Defendant's counsel, pursuant to Rules 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

**The Defendant's Agreement**

1.  The Defendant agrees to plead guilty to the Count One of the Superseding Indictment. Count One charges the Defendant with First-Degree Murder in violation of 18 U.S.C. §§ 1114 and 1111(a). By entering this plea, the Defendant agrees to the following:

1

a. The Defendant agrees to waive any right to have the facts that the law makes essential to the punishment either charged in the Indictment or proved to a jury or judge beyond a reasonable doubt.

b. The Defendant agrees that he has read the charges against him contained in the Superseding Indictment, and that those charges have been fully explained to him by his attorneys.

c. The Defendant agrees that he fully understands the nature and elements of the crimes contained in the Superseding Indictment, together with the possible defenses thereto, and has discussed them with his attorneys.

d. The Defendant agrees that he is satisfied with the services of his attorneys.

e. **The Defendant understands that by entering into this plea he will be sentenced to prison for life and he agrees to serve a mandatory sentence of life imprisonment.**

f. The Defendant agrees that the conduct to which he is pleading guilty requires mandatory restitution pursuant to 18 U.S.C. §§ 3663A(b)(3) and (c)(l)(A)(i), and agrees to pay restitution to the representative of the victim's estate in an amount equal to the cost of the necessary funeral and related services for the victim as a result of the offense, and in an amount to be determined by the Court at sentencing.

g. The Defendant agrees that, if his conviction in this case is ever vacated at his request, or if his sentence is ever reduced at his request, the United States shall have the right to (1) prosecute the Defendant on the count to which he pleaded guilty; (2) reinstate any counts that may be dismissed under this agreement; (3) file any new charges that would otherwise be barred by this agreement; and (4) pursue any penalty which is authorized by law, including the death penalty. The decision to pursue any or all of these options is solely in the discretion of the United States. By signing this agreement, the Defendant agrees to waive any objections, motions, and defenses he might have to the government's decision or prosecution of him, including Double Jeopardy. In particular, he agrees not to raise any objection based on passage of time with respect to such counts including without limitation, any statute of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

h.      The Defendant agrees that, if he violates any provision of this Agreement or if the Defendant successfully moves to withdraw his plea: (1) all statements made by the Defendant to law enforcement agents or any testimony given by the Defendant before the Court, whether before or after this agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the Defendant; and (2) the Defendant shall assert no claim under the United States Constitution, any statute, the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence or any other federal rule, that statements made by the Defendant before or after this agreement should be suppressed.

### Punishment Range

2.     The <u>statutory</u> penalty for the violation of 18 U.S.C. §§ 1114 and 1111(a) in Count One, following withdrawal of the notice of intent to seek the death penalty by the government, is a **mandatory term of imprisonment for life.** *See* 18 U.S.C. § 1111(b). Additionally, the Defendant may be fined up to a maximum of $250,000. *See* 18 U.S.C. § 3571. Defendant understands that he cannot have the imposition or execution of the sentence suspended. The defendant understands there is no parole under federal law.

### Mandatory Special Assessment

3.     Pursuant to 18 U.S.C. § 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

4.     Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant

understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## Waiver of Appeal and Collateral Review

5. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of this waiver.

6. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 125 S. Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the

Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

7. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreement

8. The United States agrees to each of the following:

   (a) Prior to the sentencing hearing, the United States agrees to file a request to withdraw the notice of intent to seek the death penalty in this case, and to file a proposed order granting the request to withdraw the notice of intent to seek the death penalty;

   (b) The United States will recommend that the Defendant be sentenced to life imprisonment without parole on Count One; and

   (c) If Defendant pleads guilty to Count One of the indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing.

### Agreement Binding

9. The United States agrees that it will not further criminally prosecute the Defendant for offenses arising from conduct charged in the Superseding Indictment.

### The United States' Non-Waiver of Appeal

10. The United States reserves the right to carry out its responsibilities under the Sentencing Guidelines. Specifically, the United States reserves the right:

   (a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

   (b) to set forth or dispute sentencing factors or facts material to sentencing;

5

(c)     to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)     to file a pleading relating to these issues, in accordance with U.S.S.G § 6A1.2 and 18 U.S.C.§ 3553(a); and

(e)     to appeal the sentence imposed or the manner in which it was determined.

### Defendant's Rights

11. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a)     If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial could be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)     At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, the Defendant could require their attendance through the subpoena power of the court.

(c)     At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, Defendant could testify on his own behalf.

### Factual Basis for Guilty Plea

12. Defendant is pleading guilty because he <u>is</u> guilty of the charges contained in

Count One of the Superseding Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. Defendant understands and agrees that the following facts, among others, would be offered to establish the Defendant's guilt:

On or about May 17, 2013, within the Southern District of Texas, the Defendant, James Wayne Ham, murdered U.S. Postal Service employee Eddie Youngblood, an employee of the United States, with malice aforethought, unlawfully, willfully, deliberately, maliciously, and with premeditation, by shooting her with a firearm and then setting her on fire while Eddie Youngblood was engaged in and on account of the performance of her official duties.

Specifically, the Defendant believed he was having problems with his mail delivery and blamed, in part, Eddie Youngblood. Accordingly, he made a decision and a plan to kill her. On May 17, 2013, the Defendant obtained a rifle, lighter fluid, and extra ammunition. He then hid in the tree line near his home, which is located in Cold Spring, Texas. Once Ms. Youngblood delivered his mail and began leaving the area, the Defendant shot her approximately four times. He then got into her vehicle and drove it a short distance away to a water supply station, where he doused the vehicle with lighter fluid and set it on fire, while Ms. Youngblood's body was still inside. The Defendant then hid the rifle he used to shoot Ms. Youngblood and burned his boots.

Law enforcement was alerted to the murder by Ms. Youngblood's son, who was on the phone with Ms. Youngblood when the Defendant shot her. Ms. Youngblood's son reported that while he was speaking to his mother, he heard two loud noises. He asked her

7

what had happened, and she told him she thought she had been shot. The son subsequently heard an unintelligible male's voice over the telephone. The son then heard his mother say, "Please don't kill me, please don't kill me." The call was disconnected, and the son called 911.

After two days, the Defendant was found hiding in a vacant residence near the scene of the murder. The Defendant was arrested and transported to the San Jacinto Sherriff's Office. The Defendant waived his *Miranda* rights, and agreed to speak with interviewers.

During this interview, the Defendant orally confessed to the murder and as to why he committed it. He also provided a written statement admitting these actions. After the interview, the Defendant took law enforcement agents to the scene of the murder and showed them where he had hidden the gun (which they recovered) as well as the location from which he shot Ms. Youngblood (at which they recovered shell casings).

### Breach of Plea Agreement

13. If the Defendant should fail in any way to fulfill completely all the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. Defendant agrees that he breaches the plea agreement if Defendant knowingly withholds evidence or if Defendant is not completely truthful with the United States. In that event, the United States may move the Court to set aside the guilty plea and reinstate prosecution. Furthermore, any and all information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

### Restitution, Forfeiture, and Fines - Generally

14.     This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would affect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

15.     Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

16.     Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

17. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Forfeiture

18. Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property.

19. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

20. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

21. Subject to the provisions of the paragraphs above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

### Fines

22. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal

or in a collateral proceeding.

### Complete Agreement

23. This written plea agreement, consisting of 13 pages, including the attached addendum of Defendant and his attorneys, constitutes the complete plea agreement between the United States, Defendant and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

### Conditional Nature of the Agreement

24. It is understood by the parties that this plea agreement is conditioned upon approval by the Attorney General of the United States. Absent such approval, this agreement is null and void. The parties understand that the United States Attorney's signature on this agreement does not constitute a recommendation to the Attorney General of the United States that the agreement be approved. The parties further agree that if the Attorney General does not approve this plea agreement, this plea agreement (whether final or a draft version) cannot be offered or used at a subsequent trial or sentencing for any reason, including as evidence that the United States Attorney' Office supported a plea agreement in this case or that the Defendant was willing to plead guilty as evidence of guilt at trial, or as evidence of remorse at sentencing.

25. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on December 6, 2021.

~~2021.~~

_____
James Wayne Ham
Defendant

Subscribed and sworn before me on December 6, 2021

NATHAN OCHSNER
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:
JENNIFER B. LOWERY
ACTING UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF TEXAS

By: _____
Erin M. Epley
Assistant United States Attorney
Southern District of Texas

Jill Stotts
Assistant United States Attorney

Barry K. Disney
Trial Attorney
Department of Justice

_____
Kimberly C. Stevens
Assistant Federal Public Defender
Capital Resource Counsel
Counsel for the Defendant

Anthony S. Haughton
Assistant Federal Public Defender
Capital Resource Counsel
Counsel for the Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-13-363S |
| | § | |
| JAMES WAYNE HAM | § | |

PLEA AGREEMENT - ADDENDUM

I have fully explained to Defendant his rights with respect to the pending Indictment. I have reviewed the provisions of the U.S. Sentencing Guidelines Manual and Policy Statements, and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. I have advised the Defendant that the sentence in this case is mandatory life imprisonment. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this plea agreement is an informed and voluntary decision.

_____          12-6-21
Kimberly C. Stevens                               Date
Anthony S. Haughton
Attorneys for Defendant

I have consulted with my attorney and fully understand all my rights with respect to the Indictment pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the U.S. Sentencing Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement, and I voluntarily agree to its terms.

_____          12-6-21
James Wayne Ham                                Date
Defendant

13